IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON GMOSER,

                     Petitioner,                    OPINION AND ORDER

   v.

                                             25-cv-535-wmc

WARDEN E. EMMERICH,

                     Respondent.

---

Petitioner Jason Gmoser, a federal prisoner representing himself, has petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, claiming he was denied due process during a prison disciplinary proceeding that resulted in a loss of good-time credit. (Dkt. #1.) For reasons explained below, the court must dismiss Gmoser's petition for a writ of habeas corpus.

BACKGROUND[1]

Petitioner Gmoser is presently serving concurrent sentences of 360 months of imprisonment after child-exploitation and child pornography convictions in the United States District Court for the Central District of Illinois and the United States District Court for the Southern District of Ohio.[2] *See* Amended Judgment, at 2, *United States v. Jason T. Gmoser*, No. 2:14-cr-20048 (C.D. Ill. Apr. 5, 2021), dkt. #367; Judgment, at 2,

---

[1] Unless otherwise indicated, the facts in this section are drawn from the petition and the exhibits submitted by the parties. (Dkts. #1, #2, #9.) Because he is representing himself, petitioner's submissions are held to less stringent standards. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

[2] A district court may take judicial notice of documents in the public record. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

*United States v. Jason T. Gmoser*, No. 1:15-cr-00069 (S.D. Ohio May 31, 2023), dkt. #54. Gmoser has a projected release date of March 28, 2042.

Since June 3, 2024, Gmoser has been confined at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford").[3]  Gmoser was previously serving his sentence at the Federal Correctional Institution in Gilmer County, West Virginia ("FCI-Gilmer").  On December 18, 2023, while in custody at FCI-Gilmer, Officer J. Barnes issued an incident report charging Gmoser with a disciplinary violation of Code 306 for "[r]efusing to work or to accept a program assignment."  More specifically, Gmoser had been ordered to leave a segregated housing unit and "return to the compound" (meaning the general population), but "he refused."  (Dkt. #2-6, at 1.)  Although Gmoser chose to make no statement in response to the charged violation, he now contends that he had been forced to choose between committing a violation and his safety.  The prison disciplinary committee referred the charge to a Disciplinary Hearing Officer ("DHO") because it was Gmoser's third alleged violation of a 300-level rule.

On December 21, 2023, Gmoser was provided a document informing him of his rights at a disciplinary hearing.  On that same date, he was also provided a "Notice of Discipline Hearing Before the (DHO)," advising that a hearing on the charge would be held "as soon as possible."  (Dkt. #9-6, at 2.)  In response, Gmoser indicated that he did not wish to have a staff representative at the hearing or to have any witnesses called.

---

[3] Thus, this court has jurisdiction to hear Gmoser's petition for habeas corpus relief as he was located in the Western District of Wisconsin when he filed his petition. *See Gamboa v. Daniels*, 26 F.4th 410, 414 (7th Cir. 2022).

On January 2, 2024, Gmoser appeared for a hearing before DHO T. Sutton at which he again waived staff representation. Gmoser then admitted to the charged violation by stating, "Yes, I refused to go to the compound. I requested PC [Protective Custody]" having been "threatened on the yard." (Dkt. #9-7, at 2.) DHO Sutton found a violation of Bureau of Prison ("BOP") Code 306 based on Gmoser's admission and the written incident report. He then sanctioned Gmoser with the loss of 14 days of good time credit, 90 days of visitation privileges, and 90 days of phone privileges. In response, Gmoser brought this federal lawsuit naming FCI-Oxford Warden E. Emmerich as respondent.

OPINION

To obtain a writ of habeas corpus, a petitioner must show that he is "in custody" in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3). The Fifth Amendment to the United States Constitution requires the government to provide due process before depriving a person of "life, liberty or property." U.S. CONST. AMEND. V. Moreover, federal inmates have a liberty interest in their accumulated good time credits, requiring due process before earned credits can be revoked. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2007). In the prison disciplinary context, due process requires: (1) "written notice of the claimed violation at least 24 hours before the hearing;" (2) "an opportunity to call witnesses and present documentary evidence . . . to an impartial decision-maker"; and (3) "a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Id*. While this latter requirement "need only illuminate the evidentiary basis and reasoning behind the decision," *Scruggs v. Jordan*, 485

3

F.3d 934, 941 (7th Cir. 2007), the disciplinary decision also "must be supported by at least 'some evidence.'" *Id*. (quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985)).

Here, the petitioner has failed to establish any violation of his constitutionally protected right to due process.[4]  Indeed, the evidence is very much to the contrary.  First, it is undisputed that petitioner was informed of the charged violation more than 24 hours in advance of the hearing.  (Dkt. #9-5, at 2; dkt. #9-6, at 2.)  Second, well before in writing and again at his hearing before the DHO, petitioner was given the opportunity to present evidence and call witnesses, although he chose not to do so.  (Dkt. #9-6, at 2; dkt. #9-7, at 2–3.)  Third, following the hearing, the DHO provided petitioner with a written statement (dkt. #9-7), which states both the evidence and reasoning he relied upon in finding a Code 306 violation, including petitioner's admission, which the DHO found "corroborated" Officer Barnes' written charge.

Notwithstanding his admission, petitioner now argues that there was no evidence to support a Code 306 violation because he was not assigned to work or to a program, but simply to return to the general population compound from the segregated housing unit. Thus, petitioner reasons, he cannot be held in violation of refusing to work or accept a program assignment.  Federal courts have rejected similar arguments, noting that the

---

[4] Gmoser's appeal from the disciplinary conviction was rejected as both procedurally deficient and untimely.  (Dkt. #2-19, at 1.)  However, since respondent does not argue that Gmoser failed to exhaust administrative remedies, the court considers that issue waived.  *See Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987) ("Whether [the inmate's attempts to exhaust administrative remedies] were sufficiently exhaustive we need not decide; the government does not argue that [the inmate] failed to exhaust his administrative remedies, and the argument, not being jurisdictional, is therefore waived.").

Bureau of Prisons considers an inmate's refusal to leave a segregated housing unit and return to general population to be a refusal of "program" assignment that violates Code 306. *See Green v. Yates*, No. 23-CV-1623, 2023 WL 7413729, at *1 (S.D. Ill. Oct. 30, 2023) (dismissing a similar habeas corpus action filed by a sex offender who challenged disciplinary punishment for refusing a program assignment to housing in the general population); *Taloni v. Tripp*, No. 5:16-HC-2089, 2017 WL 6698997, at *5 (E.D.N.C. Nov. 13, 2017) (rejecting a similar challenge, finding that "[t]he plain language of BOP Code 306 encompasses a program assignment to the general population") (citations omitted). Further, where disciplinary matters are concerned, "[c]ourts normally defer to the Bureau of Prisons' interpretation of the wording of its own rules because 'latitude is necessary to ensure safety and order in a dangerous prison environment.'" *Slutzkin v. Ciolli*, No. 3:21-cv-50106, 2022 WL 345085, at *3 (N.D. Ill. Feb. 3, 2022) (quoting *Hughes v. Werlinger*, No. 11-CV-219-jhl, 2014 WL 1670095 at *7 (W.D. Wis. Apr. 28, 2014) (deferring to the BOP's interpretation of a policy against possession of a "hazardous tool" to include the possession of a cellular telephone charger)). Finally, even a correctional officer's incident report "alone" can "provide[] 'some evidence' for the [DHO's] decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Here, not only does the written incident report support the guilty finding under BOP's own interpretation of its Code 306, but Gmoser *admitted* to violating that code, which the DHO found sufficient. Because all of this more than satisfies the "some evidence" standard, Gmoser received all the process that was due and the DHO's guilty

finding must be upheld.  *See Scruggs*, 485 F.3d at 941 ("[O]nce the meager threshold has been crossed our inquiry ends and we will not reverse the disciplinary board's decision.").

Alternatively, petitioner argues that staff at FCI-Gilmer violated his Eighth Amendment rights by failing to protect him.  (Dkt. #2, at 13–17.)  In particular, he claims the prison staff knew that he was at a high risk of experiencing violence because of his underlying conviction, but ordered him to enter the general population anyway.  Unfortunately, a habeas petition is not the proper vehicle for this type of claim, which challenges the conditions of his confinement.  *See Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) (a deliberate indifference claim can be brought as a civil rights claim but release from custody is *not* an option for those claims); *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) (different procedural requirements and consequences for a prisoner civil rights action as reasons for refusing to convert a habeas corpus action).[5]

Last, petitioner would challenge his initial placement at FCI-Gilmer, contending the Bureau of Prisons did not comply with 18 U.S.C. §§ 3621 and 4042, because he was required by his court of conviction to participate in sex offender treatment, and FCI-Gilmer does not have a sex offender management program ("SOMP").  However, a district court does not have jurisdiction over claims challenging the location of an inmate's confinement.  *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137,139 (7th Cir. 1995).  Absent a valid claim for habeas corpus relief, the petition must be dismissed.

---

[5] Regardless, to the extent that petitioner does intend to pursue *any* condition of confinement or deliberate-indifference claim, he would first need to comply with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), by exhausting the BOP administrative remedy process, including all appeals, before seeking relief in the appropriate district court with jurisdiction over the defendants.

ORDER

IT IS ORDERED that:

1. The petition for habeas corpus by Jason Gmoser is (dkt. #1) is DISMISSED with prejudice.

2. The clerk of court is directed to close this case and enter judgment accordingly.

Entered this 23rd day of June, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

7